UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRELL T. CASBY                                         CIVIL ACTION

VERSUS                                                   NUMBER: 20-3009

JAMES M. LEBLANC, ET AL.                                 SECTION: "M"(5)

### REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(1) motion to dismiss filed by the Defendants, Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections ("DOC") and Mark Hollingsworth, the Chaplain of the Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Rec. doc. 12). Plaintiff has filed no memorandum in opposition to Defendants' motion.[1] For the reasons that follow, it is recommended that the Defendants' motion be granted and that Plaintiff's suit be dismissed as moot.

Plaintiff is an inmate of RCC who, in December of 2018, changed his religion to the Rastafarian faith, in an exercise of which he took a vow not to cut or style the hair on his head. (Rec. doc. 1-1, pp. 1, 5). In contravention of his religious beliefs, Plaintiff alleges that he was forced to cut his hair as a result of the DOC grooming policy, which he identifies as Regulation No. B-08-003, and which he argues "… prohibits the growing of dreadlocks period"[2] and is unconstitutionally underinclusive in violation of the Fifth Circuit's holding

---

[1] As Plaintiff has filed no memoranda in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same). Of course, a motion like the Defendants', even if unopposed, may be granted as long as it has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

[2] Although Plaintiff asserts that the regulation in question speaks of no exceptions, elsewhere in his statement of claim he acknowledges that his request for a "[r]eligious exemption was denied for security and hygiene [reasons], by Chaplain Hollingsworth." (Rec. doc. 1-1, p. 1). Based upon a review of the exhibits that Plaintiff attached to his complaint, it appears that his request for a religious exemption from the grooming

in *Ware v. Louisiana Dept. of Corrections*, 866 F.3d 263 (5th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 1181 (2018).  (Rec. doc. 1-1, p. 1-4).  In his prayer for relief, Plaintiff asks that he be allowed to grow dreadlocks within grooming standards as a religious right, that the alleged prohibition against dreadlocks in the DOC's grooming policy be amended, that the DOC adhere to its policy concerning religious exemptions to the grooming regulation, court costs, and a transfer to a different jail facility so that he "... can be accomodated." (*Id.* at p. 4).

Defendant now moves for the dismissal of Plaintiff's complaint as moot as he was recently granted a religious exemption to the applicable DOC grooming regulation on February 3, 2021 and is now allowed to grow dreadlocks.  (Rec. docs. 12, 12-1, 12-5).[3/]  As noted above, Plaintiff has filed nothing countervailing the arguments raised in Defendants' motion.

Federal courts, as courts of limited jurisdiction, possess the power to adjudicate only those cases authorized by the Constitution or laws of the United States.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  "If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required."  *George v. Diversified Foods and Seasonings, Inc.*, No. 13-CV-5388, 2014 WL 379381 at *1 (E.D. La. Feb. 3, 2014) (citing Fed. R. Civ. P. 12(b)(1)).  The lack of subject matter jurisdiction can be raised at any time during the pendency of the case by any party or the court.  *Id.* (citing *Kontrik v. Ryan*, 540 U.S. 443, 456 (2004) and *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005)).  Events that

---

policy that that was in effect at RCC was ultimately denied because he failed to properly complete the religious exemption request form after the request was initially denied due to security and hygiene considerations.  (Rec. doc. 1-1, pp. 5, 6).

[3/] Plaintiff acknowledged receipt of the approval of his religious exemption request on February 8, 2021.  (Rec. doc. 12-5).

occur both before and after a lawsuit is filed may render a plaintiff's case moot as the mootness doctrine requires that the controversy raised by a plaintiff's complaint be present "throughout the litigation process." *Baccus v. Parrish*, 45 F.3d 958, 961 (5th Cir. 1995) (quoting *Carr v. Alta Verde Industries, Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991)). The granting of the relief sought by a plaintiff in his complaint typically removes the case or controversy and renders a lawsuit moot. *Malony v. Schlesinger*, 488 F.2d 521, 522 (5th Cir. 1974). The party invoking the jurisdiction of the court bears the constant burden of establishing that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom.* 536 U.S. 960, 122 S.Ct. 2665 (2002).

The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that governing Rule 12(b)(6) motions except that Rule 12(b)(1) allows a court to consider a broader range of materials. *Williams v. Wynne*, 533 F.3d 360, 364-65 n. 2 (5th Cir. 2008). In ruling on a Rule 12(b)(1) motion to dismiss, a court may rely on: 1) the complaint alone, presuming the allegations therein to be true, 2) the complaint supplemented by undisputed facts, or 3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *George*, 2014 WL 379381 at *2.

In *Ware*, *supra*, the Fifth Circuit invalidated a Louisiana prison regulation which contained no religious exemptions and which required inmates practicing the Rastafarian religion to cut their dreadlocks. The offending regulation at issue in *Ware* was No. B-08-003, the very regulation cited by Plaintiff. *See Ware v. Louisiana Dept. of Corrections*, No. 14-CV-2214, 2016 WL 4916844 at *1 (W.D. La. Sept. 12, 2016), *rev'd*, 866 F.3d 263 (5th Cir. 2017), *cert. denied*, __U.S. __, 138 S.Ct. 1181 (2018). In the fall of 2018, the DOC, presumably in response to *Ware*, changed the regulation that Plaintiff complains of to allow

3

offenders to request religious exemptions to the DOC's grooming standards. *Porter v. Manchester*, No. 19-CV-0411, 2021 WL 389090 at *5 (M.D. La. Jan. 4, 2021), *adopted*, 2021 WL 388831 (M.D. La. Feb. 3, 2021); *Caesar v. Louisiana Department of Corrections*, No. 17-CV-1691, 2019 WL 3980644 at *9 (M.D. La. Jul. 26, 2019).[4] As noted above, Plaintiff was recently granted a religious exemption as allowed by Regulation No. PS-E-I(7)(1) and is now permitted to grow dreadlocks as he prayed for in his complaint. Given that the regulation cited by Plaintiff has, in fact, been amended, that he has successfully availed himself of the religious exemption provided for in the updated regulation, and that he is now allowed to grow dreadlocks, the relief that he requested in his complaint has effectively been rendered moot.[5] *See*, e.g., *Turner v. Texas Department of Criminal Justice*, 836 Fed.Appx. 227, 229-30 (5th Cir. 2020). Accordingly, it will be recommended that Defendants' motion be granted and that Plaintiff's lawsuit be dismissed as moot.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' motion be granted and that Plaintiff's lawsuit be dismissed as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

---

[4] The offending regulation and the initial one allowing for religious exemptions, No. B-08-005, have since been superseded by Nos. IS-C-4 and PS-E-1. (*See* rec. docs. 12-2, 12-3).
[5] Plaintiff is not, in any event, entitled to a transfer to a different jail facility. *Maddox v. Thomas*, 671 F.2d 949, 950 (5th Cir. 1982).

such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[6]

New Orleans, Louisiana, this  24th   day of           May         , 2021.

```
                    _____
                         MICHAEL B. NORTH
                    UNITED STATES MAGISTRATE JUDGE
```

---

[6] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.